UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT P. CLAPPER, ) | CASE NO. 5:10 CV 423 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| FRANK SHEWALTER, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On February 26, 2010, petitioner pro se Robert P. Clapper filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Clapper is incarcerated in an Ohio penal institution, having been convicted in July 1996 of aggravated murder and kidnapping. As grounds for the petition, Clapper asserts his trial and appellate counsel were ineffective. For the reasons stated below, the petition is denied and this action is dismissed.

The petition reflects that Clapper filed application to reopen appeal in 2008, which was denied by the Ohio Court of Appeals. Although the petition is silent concerning the reason the application was denied, this court can only assume the denial was for failure to comply with the requirement under Ohio App.R. 26 that the applicant show good cause for the untimely filing of the

application. Clapper was thus procedurally barred from raising the grounds sought to be raised herein in the state court. <u>Parker v. Bagley</u>, 543 F.3d 859, 862 (6th Cir. 2008).

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. <u>Riggins v. McMackin</u>, 935 F.2d 790, 793 (6th Cir. 1991)(citing <u>Murray v Carrier</u>, 477 U.S. 478, 488 (1986)); <u>see also</u>, <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1990). No such showing is reasonably suggested by the petition.

Further, even absent Clapper's procedural default, his petition is patently untimely under 28 U.S.C. § 2244(d)(1), which places a one year limit to file a habeas action after the conviction becomes final. His 2008 application to reopen his appeal - unavailing because of its untimeliness - cannot "retrigger" the statute of limitations for bringing a federal habeas action. <u>Cf</u>. <u>Searcy v. Carter</u>, 246 F.3d 515 (2001). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition would have to be dismissed as time-barred in any event.

Accordingly, the request to proceed <u>in forma pauperis</u> is granted, the petition is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

2

that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                        /s/ Donald C. Nugent 5/14/10
                                        DONALD C. NUGENT
                                        UNITED STATES DISTRICT JUDGE